IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHADRON EFGAZ, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EAT FIT GO HEALTHY FOODS, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. ________<br><br>**CONTINENTAL CASUALTY COMPANY'S NOTICE OF REMOVAL**<br><br>(From the District Court of Douglas County, Nebraska, Case No. CI 21-5850) |

**COMES NOW**, the purported garnishee to the above captioned matter, Continental Casualty Company ("Continental"), by and through the undersigned counsel, Engles, Ketcham, Olson & Keith, P.C., to give notice of the above-captioned action from the District Court for Douglas County, Nebraska to the U.S. District Court for the District of Nebraska pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446. In support of removal, Continental states as follows:

1. Judgment Creditor Chadron EFGAZ, LLC ("Chadron") filed a complaint on May 28, 2021 against Judgment Debtor Eat Fit Go Healthy Foods, LLC ("Eat Fit Go") in the District Court for Douglas County, CI 21-5850 (the "Complaint") after obtaining relief from the U.S. Bankruptcy Court for the District of Nebraska in *In Re Eat Fit Go Healthy Foods, LLC*, No. 18-81127 to lift the automatic bankruptcy stay imposed upon Eat Fit Go's bankruptcy filing. Continental was not named as a defendant in the action. A true and correct copy of the Complaint is attached as Exhibit 1.

2. The Complaint asserts causes of action against Eat Fit Go for fraudulent misrepresentation, negligent misrepresentation, violation of the Nebraska Consumer Protection Act, and negligence.

3. Continental issued Epack Extra Policy No. 596835000 to Eat Fit Go (the "Policy"), but to date, Continental is unaware that Eat Fit Go tendered the Complaint to Continental seeking coverage under the Policy.

4. On September 3, 2021, the court awarded Chadron a judgment against Eat Fit Go in the amount of $1,329,462.28 together with reasonable attorney fees, costs, and pre and post-

judgment interest at the statutory rate (the "Judgment"). A true and correct copy of the Judgment is attached as Exhibit 2.

5. On March 14, 2020, Chadron filed a Summons and Order of Garnishment in Aid of Execution against Continental in the amount of $1,343,091.71 (the "Garnishment Action"). A true and correct copy of the Summons and Order of Garnishment in Aid of Execution is attached as Exhibit 3.

## I. This Court has Original Jurisdiction.

6. The Garnishment Action is a civil action pursuant to 28 U.S.C. § 1441(a). *See Hipke v. Kilcoin*, 279 F.Supp.2d 1089, 1092 (D. Neb. 2003)("Garnishment actions against third parties are generally construed as independent suits, at least in relation to the primary action."); *Arnold Crossroads, L.L.C. v. Gander Mountain Co.*, 751 F.3d 935, 941 (8th Cir. 2014)(garnishment actions "recognized to be a separate proceeding for removal purposes").

7. The Garnishment Action is removed to the United States District Court for the District of Nebraska because the action originally was brought in the District Court for Douglas County, Nebraska. 28 U.S.C. §§ 1441(a); 1446(a). This Court has original jurisdiction over the Garnishment Action pursuant to 28 U.S.C. § 1332 because the controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between, on the one hand, Chadron (and, to the extent necessary for diversity purposes Eat Fit Go, properly realigned as a plaintiff), and, on the other hand, Continental as defendant.

### A. There is complete diversity of citizenship

8. Chadron is a Nebraska limited liability company with its principal place of business in Omaha, Nebraska. Based on information in the Complaint and based upon information and belief (including filings with the Nebraska and Arizona Secretaries of State and D&B Hoovers Reports), the members of Chadron are Chadron Holding, LLC (whose members are citizens of Nebraska), C&B4AZ, Inc. (incorporated in and with its principal place of business in Nebraska, such that it is a citizen of Nebraska), and Jacobi Enterprises, Inc. (incorporated in and with its principal place of business in Nebraska, such that it is a citizen of Nebraska), and not citizens of Illinois.

9. To the extent necessary for diversity jurisdiction, Eat Fit Go is a Nebraska limited liability company with its principal place of business in Omaha, Nebraska. Based on the information in the Complaint and based upon information and belief (including filings with the

Nebraska Secretary of State and D&B Hoovers Reports), the members of Eat Fit Go are citizens of Nebraska, and not citizens of Illinois. In addition, Eat Fit Go was administratively dissolved by the Nebraska Secretary of State in June 2019 for failure to file necessary reports and pay required fees.

10. Continental is an Illinois corporation with its principal place of business in Chicago, Illinois. Continental is a citizen of Illinois.

11. This court may realign the parties based on their respective interests for the purposes of determining diversity jurisdiction. *See Hipke*, 279 F.Supp.2d at 1091-92 (for purposes of determining diversity jurisdiction "the true controversy involved in the garnishment action is between plaintiffs (with or without defendant) and [the insurer]."); *Randolph v. Employers Mut. Liab. Ins. Co.*, 260 F.2d 461, 464 (8th Cir. 1958)("It does not appear that [] the defendant in the state court case [] is a party to this proceeding. Even if he were to be considered a party to the present proceeding, he should be aligned for jurisdictional purposes with the plaintiff, as it would be to [his] interest to have the judgment against him satisfied by his insurer.").

12. Because Chadron purports to seek to collect the judgment it obtained against Eat Fit Go from Continental, the interests of Chadron and Eat Fit Go are aligned, and the true controversy is between Chadron and Continental.

13. 28 U.S.C. § 1332(c)(1), which concerns "any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant" does not apply here because the Garnishment Action is not a direct action. *See Hipke*, 279 F.Supp.2d at 1091-93 ("Unless the cause of action against the insurance company is essentially the same claim that would seek liability against the insured, the action is not a direct action."); *S&W Mobile Home & RV Park, LLC v. B&D Excavating & Underground, LLC*, No. 1-17-CV-9, 2017 WL 3129752, at *3 (D.N.D. July 21, 2017)("The court agrees with [the insurer's] argument and is persuaded by the opinions of other federal courts which have held that garnishment actions under state law do not constitute "direct actions" under § 1332(c)(1).").

14. Accordingly, this court should realign Chadron and Eat Fit Go as plaintiffs, in which case there is complete diversity between the plaintiffs and the defendant, Continental, pursuant to 28 U.S.C. § 1332(a)(1).

**B. The Amount in Controversy Exceeds $75,000.**

15. The Garnishment Action is a civil action in which the matter in controversy exceeds the value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

16. Chadron seeks garnishment from Continental in the amount of $1,343,091.71.

17. As a result, the jurisdictional amount required under 28 U.S.C. § 1332(a) is satisfied.

**II. <u>This Notice of Removal is Procedurally Proper.</u>**

18. To properly remove a case from state court to federal court, the removing party must (i) file a notice of removal in federal court within 30 days of service; and (ii) file a notice of filing of notice of removal in state court. 28 U.S.C. §1446(b) and (d). Both conditions are met here.

19. This Notice of Removal is filed within 30 days of receipt of the Summons and Order of Garnishment in Aid of Execution, a copy of which was sent to Continental and allegedly received by Continental on March 25, 2022.

20. A true and correct copy of the pleadings and documents filed in the state court action are attached to this Notice in accordance with 28 U.S.C. §1446(a).

21. Pursuant to 28 U.S.C. § 1446(d), Continental will file a Notice of Filing of Notice of Removal with the District Court for Douglas County, Nebraska after filing this Notice of Removal.

**WHEREFORE**, Continental gives notice that the Garnishment Action initiated in the District Court for Douglas County, Nebraska is removed to this Court.

CONTINENTAL CASUALTY COMPANY, Garnishee,

By: s/ Robert S. Keith

ENGLES, KETCHAM, OLSON & KEITH, P.C.
1350 Woodmen Tower
Omaha, Nebraska 68102
(402) 348-0900 Fax (402) 348-0904
Robert S. Keith, #21023
rkeith@ekoklaw.com
L. Paige Hall, #25855
phall@ekoklaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael T. Eversden, #21941
Brian T. McKernan, #22174
McGrath, North, Mullin & Kratz, PC, LLO
1601 Dodge Street, #3700
Omaha, NE 68102
(402) 341-3070 Fax (402) 952-9570
meversden@mcgrathnorth.com
bmckernan@mcgrathnorth.com
**Attorneys for Plaintiff**

Robert J. Likes, #21969
c/o Registered Agent
444 Regency Parkway, #100
Omaha, NE 68114
(402) 506-4600 Fax (402) 506-4610
rlikes@lmhlawfirm.com
**Registered Agent for Defendant**

s/ Robert S. Keith____________________